Owen, C. J.
The plaintiff in error, Jennie Johns, who was plaintiff below, was the owner of real estate on the south side of Columbia avenue in the city of Cincinnati. After she had built her residence on such premises to the established grade, the grade was changed, and she complained against the city that while improving said avenue the city negligently and wrongfully caused the water from the avenue to overflow her premises, injuring them, her carpets, the contents of her cellar, etc.
The defense was that by an act of the general assembly (77 Ohio L. 408), the commissioners of Hamilton county were authorized to levy a tax for “ opening, grading and completing an avenue known as Columbia avenue,” etc., which act is of the following tenor:
“ Section 1. .Be it enacted by the general assembly of the state of Ohio, That the commissioners of Hamilton county, in addition to their other powers of taxation, be and they are hereby authorized to assess and collect upon the grand levy of the taxable property of said county, a tax not exceeding two-tenths of a mill on the dollar, of which not more than one-tenth of a mill shall be assessed in any one year, to be applied to the opening, grading and completing of an avenue, extending from Martin street to Tusculum avenue, and known as Columbia avenue, running throngh the First Ward; provided, that so much of said tax as shall be expended on that portion of said avenue, situated within the corporate limits of the city of Cincinnati, shall be expended by and under the direction of the *282 board of public works of said city; and provided further, that the fund raised by said levy, shall not be diverted from the object for which this levy is authorized, or transferred to the credit of any other fund, or used for any other purpose whatever ; and further provided, that Columbia avenue shall be established, opened, graded and completed on such route as may be determined by said board of public works.”
This avenue was wholly within the city limits.
The record of the case is in a very unsatisfactory state, but it is quite apparent from it that the controlling question in the case arises upon the claim of the city that the board of public works, in prosecuting the work of improving the avenue, acted as the agent of the state, and not of the city.
To this commanding question — ignoring the unsatisfactory state of the record — we confine our consideration, believing that, in any view we may take of the issues involved, the liability of the city depends upon the solution of this question.
It seems too clear for serious discussion that the object of the act above quoted was to invoke the aid of the Hamilton county taxpayers to improve a city street.
The general assembly found Columbia avenue an uncompleted city highway, and designed to leave it a completed city highway.
It found the city fully equipped with a board of public works, vested with exclusive jurisdiction over the streets, avenues, etc., within the corporate limits.
It seems clear, also, that this act was not intended to suspend, for the purposes of this improvement, the functions of the board of public works as one of the agencies of the city, nor to create a new agency of the state. ■
It was not intended, by this act, to transfer, the control of Columbia avenue from the city to the state.
If the act had provided that the funds to be raised by the commissioneRs’ levy should be expended by the city of Cincinnati in opening, grading and completing Columbia avenue, what substantial difference, in1 its objects and legal effects, would it have presented from its present provisions and purposes?
*283 Being of opinion that both the intent and legal effect of this act, if it be a legal enactment, is to authorize the city to ex-2>end the money to be levied under its provisions, by the hand of the board of public works, for the improvement of a city highway, it is not necessary to discuss the question of the validity of the act itself. The injury to the plaintiff’s property resulted from suspending or abandoning the work of improvement, leaving it in such incomplete and dangerous state that the injury, was the natural and probable, if not inevitable, consequence.
If the act was invalid, and the city was proceeding under general statutes, or without authority, her liability is beyond question.
That the city is liable upon the interpretation of this act which is indicated above, is abundantly established by the following authorities : Wright v. Holbrook, 52 N. H. 120; Aldrich v. Tripp, 11 R. I. 141; Barnes v. District of Columbia, 91 U. S. 540.
In the case last cited the fourth paragraph of the syllabus is in the following language :
“Theact of congress of February 21, 187Í (16 Stat., 419), creates a ‘municipal corporation5 called ‘The District of Columbia.5 It provides for the appointment of an executive officer called a governor, and for a legislative assembly. It creates a board of public works, which is invested with the entire control of the streets of the district, their regulation and repair; and is composed of the governor of the district and four other persons appointed by the president of the United States, by and with the advice and consent of the senate, to hold their offices for the term of four years, unless sooner removed by the president. The board is empowered to disburse all moneys appropriated by congress or the district, or collected from property-holders in pursuance of law, for the improvement of streets, avenues, etc.; and is required to make a report to the legislative assembly of the district, and to the governor, who is directed to lay the same before the president for transmission to congress. Held, that the board of public works is not an independent body acting for itself, but is a part of the *284 municipal corporation; and that the District of Columbia is responsible to an individual who has suffered injury from the defective and negligent condition of its streets. Held further, that a municipal corporation, holding a voluntary charter as a city or village, is responsible for its mere negligence in the care and management of its streets. In this respect, there is a distinction between the liability of such a corporation and that of a quasi corporation like a county, town, or district. Whether or not this distinction is founded on sound principle, it is too well settled to be disturbed.”
The principle of this case, which we approve, is decisive of the case at bar. The judgment of the superior court of Cincinnati (in which the plaintiff’s action was commenced, and which proceeded upon the opposite view of the law,) was in favor of the city. It was affirmed in the circuit court.
These judgments are reversed and the cause remanded to the superior court of Cincinnati for a new trial.